**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY HERNANDEZ,** | | |
| **Petitioner,** | | **No. 1:20-CV-00835** |
| **v.** | | |
| | | **(Judge Rambo)** |
| **ERIC TICE,** *et al.*, | | |
| **Respondents.** | | |

## <u>MEMORANDUM</u>

### I.    BACKGROUND

Before the Court is Petitioner Jeffrey Hernandez's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which Petitioner seeks to challenge his convictions that occurred in the Court of Common Pleas of Lancaster County, Pennsylvania.  (*See* Doc. 1.)

All habeas petitions are subject to screening under Rule 4 of the Rules Governing § 2254 Cases, under which, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, Rule 4.  Prior to engaging in screening, however, the Court *sua sponte* considered the proper venue for this action in light of Petitioner's conviction in the Eastern District of Pennsylvania.[1]  On July 21, 2020, the Court issued an order

---

[1] The issue of proper venue may be raised *sua sponte* by a court so long as the court provides the parties with notice and an opportunity to be heard on the issue. *See Stjerholm v. Peterson*, 83 F.3d 347, 349 (10th Cir. 1996); *Costlow v. Weeks*,

1

directing Petitioner to show cause by August 4, 2020, why his petition should not

be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §

2241(d), and, to date, Petitioner has failed to respond.

## II.    DISCUSSION

In the petition, Petitioner challenges the validity of his conviction obtained

in the Court of Common Pleas of Lancaster County, which is located within the

territorial boundaries of the United States District Court for the Eastern District of

Pennsylvania.  *See* 28 U.S.C. § 118(a).

When a state prisoner files a petition for a writ of habeas corpus in a state

like Pennsylvania, which contains two or more federal judicial districts,

> [T]he application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  *The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.*

28 U.S.C. § 2241(d) (emphasis added).

In performing this venue analysis in the context of a habeas corpus petition,

the Court may rely upon traditional venue considerations.  *See Braden v. 30th*

---

790 F.2d 1486, 1488 (9th Cir. 1986); *Palencar v. Raijski*, No. 3:15-cv-1189, 2015 WL 5227943, at *1 (M.D. Pa. Sept. 8, 2015) (noting court's authority to *sua sponte* consider proper venue); *Garcia v. Pugh*, 948 F. Supp. 20, 23 n.5 (E.D. Pa. 1996).

*Judicial District*, 410 U.S. 484, 493 (1973); *Garcia*, 948 F. Supp. at 23. These considerations include (1) the location where the underlying material events took place; (2) the location where records and witnesses pertinent to the claim are likely to be found; (3) the convenience of the forum for the petitioner and the respondent; and (4) the familiarity of the court with the applicable laws. *Braden*, 410 U.S. at 493. *See also Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (discussing traditional venue considerations).

Application of these traditional venue considerations to the facts of this case weighs in favor of transfer to the Eastern District of Pennsylvania. First, the events central to the petition—Petitioner's criminal proceedings, conviction, and sentencing—occurred in Lancaster County, Pennsylvania, in the Eastern District. Second, all of the records and most of the participants are presumably located in Lancaster County. Third, as to the convenience of the forum if a hearing is held, it would be more convenient for most of the witnesses and the District Attorney of Lancaster County to litigate this petition in the Eastern District. Obviously, Petitioner would need to be temporarily transferred to a Pennsylvania Department of Corrections facility near Lancaster County were a hearing to be required. Fourth, as both this court and the Eastern District are familiar with the law of Pennsylvania, the factor of the familiarity of the court with the applicable laws is evenly balanced. Considering these factors in the context of this particular action,

the traditional venue considerations weigh in favor of transferring this case to the United States District Court for the Eastern District of Pennsylvania where the criminal trial was held.

The Court notes that it has been the general practice of the federal district courts in Pennsylvania to transfer habeas corpus petitions brought pursuant to § 2254 to the federal district court in which the court of conviction is located when such conviction is being challenged. *See*, *e.g.*, *Ortiz v. Pennsylvania*, No. 3:10-cv-028, 2010 WL 936448, at *1 (M.D. Pa. March 15, 2010) (action transferred from the "district (where petitioner is in custody) to the United States District Court for the Eastern District of Pennsylvania (where petitioner was convicted) in keeping with agreed practice of the United States District Courts for the Middle, Eastern, and Western Districts of Pennsylvania."); *Nightingale v. Vincent*, No. Civ. A. 08–95J, 2008 WL 1943427, at *2 (W.D. Pa. May 2, 2008) ("Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted.").

### III.   CONCLUSION

For the foregoing reasons and absent any response from Petitioner, the Court will transfer the petition to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d).  An appropriate order follows.


s/Sylvia H. Rambo
United States District Judge

Dated:  August 14, 2020